# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RICKEY JOE REED,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHY WEISS, JAMES MCKINNEY,<br><br>    Defendants. | No. C05-3036-EJM<br><br>INITIAL REVIEW ORDER |

    This matter is before the court on plaintiff's application to proceed in forma pauperis, filed June 16, 2005. Application to proceed in forma pauperis granted; dismissed.

    Upon review, the granting of in forma pauperis status is appropriate in this case, however, the court also finds that requiring plaintiff to submit partial payments or installment payments of the filing fee is appropriate. Although he shall not be required to submit an initial partial filing fee, plaintiff shall submit to the Clerk of Court monthly payments of $25.00 until the $250.00 filing fee is paid in full. *Cf.* 28 U.S.C. § 1915(b)(2), *see also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee).

    Currently not confined and proceeding pro se, plaintiff submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights while incarcerated at the North Central Correctional Facility in Rockwell City, Iowa. Jurisdiction is based on 28 U.S.C. § 1343.

    It appears from the Complaint that plaintiff is dissatisfied with the decision to have him work a prison job which required him to lift heavy rubber floor mats, as he has a medical condition.

    Given the facts alleged in the Complaint, it is clear plaintiff does not state a viable claim. For actions brought under 42 U.S.C. § 1983, the applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). In Iowa, the statute of limitations for personal injury actions is two years after

accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W. 2d 660, 662 (Iowa 1985)). To the extent plaintiff alleges an injury, it is clear that the alleged injury occurred as a result of the work classification or job assignment decisions and medical restriction decisions that were made more than two years prior to June 16, 2005–the date plaintiff commenced this action. Consequently, the two year statute of limitations bars plaintiff's action. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (stating a district court may dismiss an in forma pauperis complaint when it is apparent the statute of limitations has run).

Because plaintiff's claims lack an arguable basis in law, this action shall be dismissed as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

It is therefore

ORDERED

1. Application to proceed in forma pauperis granted.
2. The Clerk of Court is directed to file the Complaint without the prepayment of the filing fee.
3. Plaintiff is directed to submit to the Clerk of Court monthly payments of $25.00 until the $250.00 filing fee is paid in full.
4. Dismissed with prejudice.

July 5, 2005.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT